Filed 5/2/14  P. v. Brown CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODERICK SHAFER BROWN, JR.<br><br>    Defendant and Appellant. | B249112<br><br>(Los Angeles County<br>Super. Ct. No. BA403794) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Paul J. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Based on allegations Roderick Shafer Brown, Jr. had stabbed Luke Schoedel in the back of the head in downtown Los Angeles on the night of October 16, 2012, Brown was arrested and charged in an amended information with having committed assault with a deadly weapon (a knife) (Pen. Code, § 245 subd. (a)(1); count 1),[1] assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2) and attempted second degree robbery (§ 211, 664; count 3), with a special allegation Brown had committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)). It was specially alleged as to all counts that Brown had previously served three separate prison terms for felonies (§ 667.5, subd. (b)). Brown pleaded not guilty and denied the special allegations.

After jury trial commenced, the court granted Brown's motion to bifurcate the trial on the prior prison term allegations and the People's motion to dismiss the attempted robbery charge (§ 1385). The parties stipulated that Schoedel was unavailable for trial because he was being held on criminal charges in another matter and would refuse to testify in this case.

Following the People's presentation of evidence, the trial court denied Brown's motions to dismiss (§ 1118.1) and to reduce the charged offenses to misdemeanors (§ 17, subd. (b)). While the jury was deliberating, the court heard and denied Brown's motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118). Thereafter, the jury convicted Brown of the lesser included offense of simple assault on count 1 and aggravated assault as charged in count 2 and found not true the gang allegation. After waiving his right to trial, Brown admitted two of the prior prison term allegations. One of the admitted allegations and the remaining allegation were dismissed on the People's motion.

At sentencing, the trial court denied Brown's motion to reduce the felony conviction (count 2) to a misdemeanor and sentenced Brown to an aggregate state prison term of four years, consisting of the middle three-year term for aggravated assault plus

---

[1]     Statutory references are to the Penal Code.

2

one year for the prior prison term enhancement. The court ordered Brown to pay on each count a $40 court security fee and a $30 criminal conviction assessment. The court imposed a $ 280 restitution fine and imposed and suspended a parole revocation fine pursuant to section 1202.45. Brown was awarded a total of 116 days of presentence custody credit (58 actual days and 58 days of conduct credit). The court stayed sentencing on simple assault (count 1) under section 654.

We appointed counsel to represent Brown on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 7, 2014, we advised Brown he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied Brown's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, J.


We concur:



PERLUSS, P. J.



WOODS, J.



3